**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FIDELITY NATIONAL FINANCIAL INC.,
*Plaintiff-Appellee,*

FIDELITY EXPRESS NETWORK INC.,
*Claimant-Appellee,*

v.

COLIN H. FRIEDMAN; HEDY KRAMER
FRIEDMAN, individually and as
trustee of the Friedman Family
Trust UDT, dated July 23, 1987,
*Defendants-Appellants,*

and

ANITA MESHKATAI, individually and
as a trustee of the Anita Kramer
Living Trust, dated July 23, 1987,
*Defendant.*

No. 08-16967

D.C. No.
2:03-cv-01222-RCB
District of Arizona,
Phoenix

ORDER
CERTIFYING
QUESTIONS TO
THE ARIZONA
SUPREME COURT

Filed April 26, 2010

Before: Betty B. Fletcher, Sidney R. Thomas and
N. Randy Smith, Circuit Judges.

---

## ORDER

In this case, an appeal from the United States District Court for the District of Arizona, we are asked to decide whether actions taken by Fidelity National Financial Inc. ("Fidelity") were sufficient under Arizona law to renew the prior registration of a judgment against Colin and Hedy Friedman. Pursuant to Arizona Revised Statutes § 12-1861 and Arizona

6085

Supreme Court Rule 27, we ask the Arizona Supreme Court to address the questions of law described below.

## I.   Statement of Relevant Facts

### A.   Procedural Background

Fidelity successfully sued Colin and Hedy Friedman and Farid and Anita Meshkatai in 2002 to recover the $8 million that Fidelity paid Defendants to purchase a worthless company that Defendants fraudulently represented to Fidelity was worth $8 million. Judgment was entered in U.S. District Court for the Central District of California. That court certified that Fidelity had "good cause" under 28 U.S.C. § 1963 to register this judgment in another federal court even though, because the appeal was pending, the judgment was not yet final. Fidelity registered the judgment in U.S. District Court for the District of Arizona on November 21, 2002. Fidelity tried, unsuccessfully, to collect on the judgment in Arizona. In attempting to collect this judgment, Fidelity, *inter alia*, applied for and received orders from the court for debtors' examinations, inspection of the debtors' safety deposit box, and writs of garnishment.

On May 15, 2003, final judgment was rendered in the original fraud action, because the appeal of the district court's decision was dismissed.

On July 6, 2006, Fidelity filed another action in the Central District of California. Fidelity alleged the Friedmans and Meshkatais had violated the RICO statute in using family trusts and other devices to avoid paying the 2002 judgment. The U.S. District Court in Arizona took judicial notice of the RICO action on February 6, 2007.

On April 5, 2007, Fidelity registered the 2003 final judgment in the U.S. District Court in Arizona following the dismissal of the appeal of the 2002 judgment. Fidelity did not

include an affidavit of renewal for the original registration. Noting this lack of an affidavit, the Friedmans filed a motion in January 2008 to quash Fidelity's renewal of judgment in Arizona, arguing that Fidelity had failed to properly renew. On February 7, 2008, Fidelity filed an additional affidavit of renewal of the original judgment with the U.S. District Court in Arizona.

The district court denied the Friedmans' motion to quash, finding that the judgment had been renewed by Fidelity's Arizona collection efforts and the filing of the RICO action in California. The Friedmans appealed, presenting us with the question of whether, under Arizona law, Fidelity's actions were sufficient to renew the judgment.

### B. Legal Analysis

#### Relevant Statutes

The process for registering the judgment of one federal district court in another federal district court is outlined in 28 U.S.C. § 1963. The federal court applies state law, however, when renewing a judgment that has already been registered in that state. Thus, this renewal case centers around the construction of three sections of Arizona law, Arizona Revised Statutes Annotated §§ 12-1551(B), 12-1611, and 1-215.

The first section of Arizona law at issue, § 12-1551(B), states:

> An execution or other process shall not be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or . . . an action is brought on it within five years from the date of the entry of the judgment or of its renewal.

Section 12-1611 is similar though not precisely the same. It states, "[a] judgment may be renewed by action thereon at any

time within five years after the date of the judgment." The question in this case turns on the definition of "action" in these provisions.

Based on these two sections, the district court found that Fidelity's collection activities in Arizona were sufficient to renew the judgment. In the alternative, the district court determined that Fidelity's RICO action, filed in California, would also be sufficient to renew the judgment. The district court did not address Arizona Revised Statutes § 1-215, which provides that "[i]n the statutes and laws of this state, unless the context otherwise requires . . . 'Action' includes any matter or proceeding in a court, civil or criminal."

### Collection Activities

On a broad reading of "action," arguably suggested by § 1-215, this term might include collection activities such as filing for writs of garnishment or an order to inspect a safety deposit box, as Fidelity did in this case. *See* Ariz. Rev. Stat. Ann. § 1-215(1) (defining action to include "*any* matter or proceeding") (emphasis added). We are uncertain, however, whether so broad a reading is appropriate, particularly in light of a recent unpublished case from the Arizona Court of Appeals, *Jones v. Weston*, 2009 Ariz. App. LEXIS 700 (Ariz. Ct. App. 2009), which suggests that Fidelity's collection activities and filing of the RICO claim are insufficient to renew the judgment. *See also Kroncke v. Kroncke*, 2009 WL 3786782 at *2 n.3 (Ariz. Ct. App. 2009) ("An 'action on a judgment' refers to a specific cause of action, the main purpose of which is 'to obtain a new judgment which will facilitate the ultimate goal of securing the satisfaction of the original cause of action.' " (quoting *Associated Underwriters v. Wood*, 98 P.3d 572, 615 (Ariz. Ct. App. 2004))). Although suggesting Fidelity's actions were not sufficient under §§ 12-1551 and 12-1611, *Jones* does not address § 1-215 and thus leaves us uncertain as to whether the court considered this statute and determined it should not apply and that "action" is not so broadly read,

or whether its omission was inadvertent. Moreover, *Jones* is unpublished and therefore not precedential, adding further uncertainty as to its weight.

### Out-of-State Lawsuits and Related Lawsuits

We are also uncertain whether, under §§ 12-1551 or 12-1611 read in light of § 1-215, the renewal action must take place in the state of Arizona and the extent to which a lawsuit must be related to the underlying judgment in order to constitute an action brought on the judgment under Arizona law. Again, a broad reading of "action" under § 1-215 might include out-of-state lawsuits like Fidelity's RICO action. However, renewing a judgment in Arizona through an action filed in California is potentially problematic with regard to giving parties in Arizona proper notice of the renewal. *Cf. J.C. Penney v. Lane*, 3 P.3d 1033, 1039 (Ariz. Ct. App. 1999) ("It is not intended that [interested parties] be required to check the court records in all of the other counties of the state to ensure that the judgment has not been renewed by the filing of an affidavit of renewal in any one of these other counties.").

Furthermore, Fidelity's RICO lawsuit, as a separate lawsuit alleging a different (albeit related) violation, is not an action on the original judgment in the same way as Fidelity's Arizona collection activities. The latter are premised on the authority of the original judgment to enforce that judgment, while the RICO action alleged a new violation of the law based on the Friedmans' attempts to avoid paying the original judgment. We are thus uncertain as to the degree of relationship required for an action to renew an underlying judgment and whether Arizona would allow an out-of-state lawsuit to renew a judgment.

## II.   Questions for Certification

We therefore certify the following two questions to the Arizona Supreme Court, believing it appropriate to allow it the

first opportunity to address these questions. We note that the Arizona Supreme Court may reformulate these questions. *See Torres v. Goodyear Tire & Rubber Co.*, 786 P.2d 939, 941 n.1 (Ariz. 1990). The questions we present are:

(1) Do collection activities (such as filing for a writ of garnishment or applying for orders from the court to inspect a safety deposit box or require a debtor's exam) taken within Arizona, renew a judgment previously registered in Arizona?

(2) Does the filing of a related lawsuit in a state other than Arizona renew a judgment previously registered in Arizona?

As required by Arizona Supreme Court Rule 27, we also provide the following information regarding counsel for the parties.

On behalf of Fidelity National Financial, Inc.:

Orlando F. Cabanday (SBN 168131)
Janice M. Kroll (SBN 189975)
Thomas H. Case (SBN 116660)
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100

On behalf of Colin and Hedy Friedman:

Michael R. Walker (003484)
Mark C. Hudson (020500)
SCHIAN WALKER, P.L.C.
3550 North Central Avenue Suite 1700
Phoenix, Arizona 85012-2115
(602) 277-1501

The Clerk of this court shall transmit a copy of this certification order to counsel for the parties. The Clerk shall also

forward, under the Ninth Circuit's seal, the original and six copies of this certification order to the Arizona Supreme Court.

Submission is DEFERRED pending resolution of the certified questions.

The parties are directed to file simultaneous status reports indicating the status of this action every 90 days.

                _____

                Honorable Sidney R. Thomas
                Ninth Circuit Court of Appeals Judge